JAMES W. MCCONKIE, 2156
BRADLEY H. PARKER, 2519
W. ALEXANDER EVANS, 12085
PARKER & MCCONKIE
5664 South Green Street
Salt Lake City, Utah 84123
Telephone: (801) 264-1950
Facsimile: (801) 266-1338
jwmcconkie@utahlawhelp.com
bparker@utahlawhelp.com
alex@sjatty.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| JILL McCLUSKEY and MATTHEW McCLUSKEY, individually and for and on behalf of LAUREN McCLUSKEY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH (including the University of Utah, University Department of Housing and Residential Education and University Department of Public Safety), DALE BROPHY, KORY NEWBOLD, KAYLA DALLOF, MIGUEL DERAS, TODD JUSTENSEN, HEATHER McCARTHY, EMILY THOMPSON and JANE/JOHN DOES 1-10.<br><br>Defendants. | **SCHEDULING ORDER**<br><br><br><br><br><br>Case No. 2:19-cv-00449-HCN-PMW<br><br>District Judge: Howard C. Nielson, Jr.<br>Chief Magistrate Judge: Paul M. Warner |

Having reviewed the parties' stipulated Attorney Planning Meeting Report and for good cause appearing, the Court hereby ORDERS as follows:

1. **PRELIMINARY MATTERS:**

    a.      <u>*Nature of the Claims and Affirmative Defenses*</u>:

    The parties rely on the pleadings filed in this Court as defining the nature and basis of their claims and defenses.

    b.      <u>*Referral to Magistrate Judge*</u>:

    This case has been referred to Chief Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).

    c.      <u>*Attorney Planning Meeting*</u>:

    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on Wednesday, July 17, 2019 at the Heber M. Wells Building on 160 E. 300 S. Salt Lake City, Utah 84111, which was attended by the following:

    i.      James W. McConkie and Bradley H. Parker, counsel for Plaintiffs Jill McCluskey, Matthew McCluskey and Lauren McCluskey.

    ii.     Kyle Kaiser, Phyllis Vetter and other counsel for the University of Utah and for Individual Defendants.

    Attorney Planning Meeting Report was submitted on 8/5/19.

    d.      <u>*Initial Disclosures*</u>:

    The parties shall exchange initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before September 27, 2019.

    e.      <u>*Service of Papers*</u>:

    Pursuant to Rule 5(b)(2) of the Federal Rules of Civil Procedure, the parties shall receive all items required to be served under Rule 5(a) of the Federal Rules of Civil Procedure by either:

1) notice of electronic filing; or 2) email transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

   **2. DISCOVERY PLAN**:

   a. <u>Subject of Discovery</u>:

   Discovery is necessary with respect to each of the elements of Plaintiffs' causes of action, including but not limited to the issues of whether the University of Utah violated Title IX, whether any of the Defendants deprived Lauren of her right to equal protection under the Fourteenth Amendment of the U.S. Constitution and the degree to which Plaintiffs were injured and sustained damages as a result of the violation of Title IX and/or the deprivation of Lauren's right to equal protection under the law.  Discovery is also necessary with respect to the defenses that Defendants intend to assert in response to Plaintiffs' causes of action and claim for damages.

   b. <u>Discovery Phases</u>:

   Discovery shall not be conducted in phases or otherwise limited to or focused on any particular issues.

   c. <u>Discovery Methods and Limitations Imposed</u>:

   i. *Depositions*: Plaintiffs may take up to <u>15 depositions</u>, but this limit shall apply to both oral examination depositions and depositions by written questions. Similarly Defendants may take up to <u>15 depositions</u>, but this limit shall apply to both oral examination depositions and depositions by written questions. Oral examination depositions shall not exceed <u>seven hours in length</u>.  Either party may formally or informally record oral examination depositions by

        video, so long as they provide copy of the video to the opposing party upon request. Video recordings of oral examination depositions shall be admissible at trial to the same extent that written transcripts of oral examination depositions are admissible at trial.

  ii.    *Interrogatories*: Plaintiffs may submit up to <u>25 interrogatories</u>, including all discrete subparts. Similarly, Defendants may submit up to <u>25 interrogatories</u>, including all discrete subparts.

  iii.    *Requests for Production*: The parties may submit an <u>unlimited number of requests for production</u> so long as the requests are not abusive and are proportional to the needs of the case.

  iv.    *Requests for Admission*: The parties may submit an <u>unlimited number of requests for admission</u> so long as the requests are not abusive and are proportional to the needs of the case.

  v.    *Additional Discovery*: The parties shall stipulate to reasonable requests for additional discovery or to amend any case management order that is in effect if additional discovery is reasonably necessary under the circumstances.

d. <u>Discovery of Electronically Stored Information</u>:

   Discovery may be served and/or answered by electronic means so long as documents are legible and in an electronic form readily accessible to the recipient. Should either party receive electronically stored data or information that is illegible or in a format not accessible by them, they shall promptly notify the other party that the information is not legible or accessible by them and the parties shall work together in good faith to promptly resolve the matter. The parties will

meet and confer to discuss the search for, review of, and production of electronically stored information no later than October 4, 2019.  This conference may include discussions of appropriate search terms, document locations, production processes, and costs.  Should discovery show that further electronic discovery protocols may become necessary, the parties agree to work together in good faith to agree to protocols and costs.

    e. *Claims of Privilege or Protection as Trial Preparation After Production:*

The parties shall be subject to the Court's Standard Protective Order.  Furthermore, the parties shall work together to request a joint order regarding the disclosure of documents protected by the Utah Government Records Access and Management Act, and the Federal Education Records Privacy Act, should one be necessary.

Should inadvertent disclosure of privileged, protected, or work product material occur, the party which made the inadvertent disclosure shall notify the other party in writing.  Within 10 days of the notification, the other party shall confirm, in writing, that it has destroyed all copies of the documents to which the claim of privilege or other protection has been made, or shall file with the Court a motion seeking a determination, in camera, of the validity of the claim of privilege.  The parties may agree to post-production privilege or protection review if a requesting party first identifies relevant documents from an electronic dataset.

    f. *Last Day to File Written Discovery:*

The parties shall file all written discovery on or before <u>July 15, 2020</u>.

    g. *Close of Fact Discovery:*

The parties shall complete fact discovery on or before <u>September 15, 2020</u>.

**3. AMENDMENT OF PLEADING AND ADDITION OF PARTIES:**

    a. *Motion to Amend Pleadings:*

Any motion to amend pleadings shall be filed on or before <u>March 27, 2020</u>.

    b. *Motion to Join Additional Parties:*

The deadline for filing a motion to join additional parties shall expire on <u>March 27, 2020</u>.

4. **EXPERT REPORTS:**

    a. *Party(ies) bearing the burden of proof*:

Party(ies) bearing the burden of proof shall produce expert reports on or before u.

    b. *Counter Disclosures*:

Counter disclosures should be produced on or before <u>February 1, 2021</u>.

5. **OTHER DEADLINES:**

    a. *Expert Discovery:* The parties shall complete expert discovery on or before <u>June 1, 2021</u>.

    b. *Dispositive or Potentially Dispositive Motions (including motions to exclude experts where the expert testimony is required to prove the case):* The parties shall file all dispositive or potentially dispositive motion on or before <u>July 1, 2021</u>.

    c. *Motions to Exclude Expert Testimony:* The parties shall file any and all motions to exclude expert testimony on or before <u>July 1, 2021</u>.

6. **ADR/ SETTLEMENT:**

    a. *Settlement Potential:*

The potential for resolution before trial is fair.

    b. *Alternative Dispute Resolution Program:*

The parties will not participate in the Court's alternative dispute resolution program at this time.

   c.  *Private Alternative Dispute Resolution:*

The parties will not engage in private alternative dispute resolution at this time.

7. **TRIAL AND PREPARATION FOR TRIAL:**

If the parties do not intend to file dispositive or potentially dispositive motions, a scheduling conference will be held for purposes of setting a trial date: 7/8/2021 at 10:00 a.m.

At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 1st quarter of 2022.

8. **OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 5th day of August, 2019.

        BY THE COURT:

        */s/ Paul M. Warner*
        _____
        PAUL M. WARNER
        Chief United States Magistrate Judge