Christine M. Durham (938)
J. Frederic Voros, Jr. (3340)
Dick J. Baldwin (14587)
ZIMMERMAN BOOHER
Felt Building, Fourth Floor
341 South Main Street
Salt Lake City, Utah 84111
(801) 942-0200
cdurham@zbappeals.com
fvoros@zbappeals.com
dbaldwin@zbappeals.com

James W. McConkie (2156)
Bradley H. Parker (2519)
W. Alexander Evans (12085)
PARKER & MCCONKIE
5664 South Green Street
Salt Lake City, Utah 84123
(801) 264-1950
jwmcconkie@utahlawhelp.com
bparker@utahlawhelp.com
alex@sjatty.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF UTAH**

| | |
|---|---|
| JILL McCLUSKEY and MATTHEW McCLUSKEY, individually and for and on behalf of LAUREN McCLUSKEY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH (including the University of Utah, University Department of Housing and Residential Education and University Department of Public Safety), DALE BROPHY, KORY NEWBOLD, KAYLA DALLOF, MIGUEL DERAS, TODD JUSTENSEN, HEATHER McCARTHY, EMILY THOMPSON and JANE/JOHN DOES 1-10.<br><br>Defendants. | **MOTION AND MEMORANDUM IN SUPPORT OF MOTION SEEKING LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00449-HCN-PMW<br><br>District Judge: Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge: Paul M. Warner |

Plaintiffs, Jill McCluskey and Matthew McCluskey, by and through their counsel of record, Bradley H. Parker, James W. McConkie, and W. Alexander Evans of the law firm of

Parker & McConkie, and Christine M. Durham, J. Frederic Voros, Jr., and Dick J. Baldwin of the law firm of Zimmerman Booher, hereby submit this Motion and Memorandum in Support of Motion Seeking Leave to File Amended Complaint.

## RELIEF SOUGHT AND SPECIFIC GROUNDS FOR THE MOTION

Plaintiffs respectfully request that the Court grant them leave to file an amended complaint on the ground that their request to amend is timely, is not the product of any undue delay and was not made in bad faith or with dilatory motives. Furthermore, Defendants will suffer no undue prejudice if Plaintiffs amend their complaint and doing so would not be futile.

## STATEMENT OF FACTS

1. On or about June 27, 2019, Plaintiffs filed a Complaint in the above-captioned case bringing a claim under Title IX against the University of Utah ("University") ("First Cause of Action"); claims under the equal protection clause of the Fourteenth Amendment against Individual Defendants ("Second Cause of Action") and against the University ("Third Cause of Action"); failure to train claims against Brophy and against John/Jane Doe under the equal protection clause of the Fourteenth Amendment ("Fourth Cause of Action"); and a claim for interest on special damages ("Fifth Cause of Action"). Complaint (attached hereto as "Exhibit A").

2. On or about September 20, 2019, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. On or about November 25, 2019, Plaintiffs filed a Memorandum Opposing Defendants' Motion to Dismiss, which was accompanied by this Motion and Memorandum in

Support of Motion Seeking Leave to Amend the Complaint ("Motion"). A proposed First Amended Complaint ("Amended Complaint") is attached hereto as "Exhibit B."

4. Plaintiffs' Amended Complaint eliminates the Third Cause of Action for Municipal Liability and the Fifth Cause of Action for interest on special damages. *See generally* Amended Complaint.

5. Additionally, Plaintiffs' Amended Complaint broadens the supervisory claim for failure to train against Chief Brophy and against John/Jane Doe and now includes a claim, not only for failure to train, but also for failure to supervise, instruct, control, or discipline subordinates. *Id.* ¶¶161-79.

6. Likewise, Plaintiffs' Amended Complaint contains an additional cause of action for supervisory liability against Chief Brophy and against John/Jane Doe for creating, promulgating, implementing and maintaining unconstitutional policies or customs, for otherwise creating, promulgating, implementing and maintaining policies or customs that were likely to result in constitutional violations and for failure to create, promulgate, implement, maintain, or enforce policies. *Id.* ¶¶180-97.

7. Furthermore, Plaintiffs' proposed First Amended Complaint contains an additional claim against Defendants under Utah state law for wrongful death, predicated on Defendants' Title IX and equal protection violations. *Id.* ¶¶198-200.

8. Finally, Plaintiffs proposed First Amended Complaint contains additional facts that were discovered after their original complaint had already been filed and which are relevant

to the new and/or modified causes of action set forth in the Amended Complaint. *See generally Id.*[1]

## LEGAL ARGUMENT

The court should grant Plaintiffs leave to amend their complaint because this motion is timely made, an amendment will not prejudice Defendants, and the proposed amendments are not futile.

Under circumstances where amending a pleading "as a matter of course" is no longer an option under Rule 15(a)(1) of the Federal Rules of Civil Procedure, subsection (a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. However, rule 15 also states that "[t]he court should freely give leave when justice so requires." *Id.* at 15(a)(2). Indeed, "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In considering the issue, the United States Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

---

[1] While the Amended Complaint contains several minor modifications with respect to the alleged facts, most of the significant modifications in this regard can be found at ¶¶106-36.

First, Plaintiffs' request for leave to amend is timely. "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action" and "'[l]ateness does not of itself justify the denial of the amendment.'" *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)). Moreover, "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Here, the case is in the early stages, no answer has been filed and Plaintiffs have sought leave to amend before the entry of any order dismissing their claims. Moreover, Plaintiffs have discovered new facts that are relevant to their original causes of action and to the additional causes of action set forth in the Amended Complaint. The proposed amendments set forth in Plaintiffs' Amended Complaint can hardly be considered "late," but even if they were, "lateness" alone would not be enough to "justify the denial of the amendment." *Minter*, 451 F3d at 1205.

Second, Defendants will not be prejudiced by an amendment at this early stage of the litigation. The amended claims arise out of the same subject matter as the original claims and will not affect Defendants' ability to prepare their defense to the amended allegations. Accordingly, the proposed amendments are timely and Defendants will suffer no prejudice by any delay in raising these new allegations. *See King v. XPO Logistics, Inc.*, No. 2:16-CV-434-DN, 2017 WL 213791, *7 (D. Utah Jan. 18, 2017) (unpublished) (finding that proposed amendments were timely and caused no undue prejudice under similar circumstances).

Third, Plaintiffs have not sought to amend their Complaint in bad faith, Plaintiffs have no dilatory motive and they have not repeatedly failed to cure deficiencies by amendments previously allowed. In fact, Plaintiffs have not previously amended the Complaint and have therefore not failed to cure *any* deficiencies, let alone *repeatedly* failed to cure deficiencies.

Finally, amending the complaint in the manner Plaintiffs propose would not be an exercise in futility. Indeed, "[a] proposed amendment is futile if the [claim], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. v. Moody's Inv'r Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

While Defendants have filed a Motion to Dismiss, the vast majority of their arguments lack merit and the only causes of action subject to dismissal are the claims for interest on special damages and for municipal liability against the University of Utah. These causes of action have been removed from Plaintiffs' Amended Complaint. It is not futile to remove a cause of action that would have been subject to dismissal if it had been included.

While the other causes of action in Plaintiffs' Complaint are sufficient to survive Defendants' Motion to Dismiss, Plaintiffs discovered new facts that support those causes of action after they filed their Complaint. Accordingly, Plaintiffs have incorporated these new facts into their Amended Complaint. It is not futile to support a cause of action with additional facts when the facts previously alleged were already sufficient to support the cause of action.

Moreover, the new facts that Plaintiffs discovered after filing their Complaint support the new causes of action that Plaintiffs included in their Amended Complaint. First, in addition to the supervisory liability claim for failure to train, Plaintiffs have included a cause of action for failure to supervise, instruct, control or discipline. Second, Plaintiffs have added a supervisory

liability claim for creating, promulgating, implementing and/or maintaining policies or customs that were unconstitutional or likely to result in constitutional violations and for failing to create, promulgate, implement or enforce policies despite knowing that the failure to do so had resulted or would likely result in constitutional violations. Third, Plaintiffs added a state law cause of action for wrongful death predicated on Defendants' violations of Title IX and the Equal Protection Clause. The facts alleged in the Amended Complaint are sufficient to support these new causes of action. Accordingly, it would not be futile to amend the Complaint to include these new causes of action.

Finally, Plaintiffs acknowledge that they filed a Notice of Claim pursuant to Utah Code § 63G-7-401 on September 30, 2019 and that, pursuant to Utah Code § 63G-7-403(a), they "may not *file* an action" for wrongful death until November 30, 2019. *Id.* 63G-7-403(a) (emphasis added). However, nothing prevents Plaintiffs from seeking leave to file an action for wrongful death before November 30, 2019. Moreover, as a practical matter, if this Court grants leave to amend the Complaint, the Amended Complaint, including the claim for wrongful death, will not be filed until after the statutory waiting period has already expired. Accordingly, it is not futile to grant leave to amend the Complaint for purposes of including a state law cause of action for wrongful death premised on Defendants' violations of Title IX and equal protection.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion Seeking Leave to Amend Complaint.

DATED this 25th day of November, 2019.

PARKER & MCCONKIE

/s/ James W. McConkie
James W. McConkie
Bradley H. Parker
W. Alexander Evans

ZIMMERMAN BOOHER
Christine M. Durham
J. Frederic Voros, Jr.
Dick J. Baldwin

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2019, I served via the Court's electronic filing system the foregoing **MOTION AND MEMORANDUM IN SUPPORT OF MOTION SEEKING LEAVE TO FILE AMENDED COMPLAINT** on the following:

Phyllis J. Vetter
General Counsel and Vice President
University of Utah
201 South Presidents Circle, Room 309
Salt Lake City, UT 84112

Sean D. Reyes, Utah Attorney General
Kyle J. Kaiser
Darin B. Goff
Rachel George Terry
Assistant Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT 84114

*Attorneys for Defendants*

/s/ James W. McConkie
James W. McConkie
*Attorney for Plaintiffs*