ALAIN C. BALMANNO (3985)
CHRISTINE HASHIMOTO (15624)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: abalmanno@agutah.gov
        chashimoto@agutah.gov
*Attorneys for Defendant Dallof*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JILL McCLUSKEY and MATTHEW McCLUSKEY, individually and for and on behalf of LAUREN McCLUSKEY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, UNIVERSITY OF UTAH, et al.,<br><br>Defendants. | **REPLY IN SUPPORT OF MOTION TO DISMISS FOR DEFENDANT KAYLA DALLOF**<br><br>Case No. 2:19-cv-00449-HCN-PMW<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul M. Warner |

Defendant Kayla Dallof, through counsel Alain C. Balmanno and Christine Hashimoto, Assistant Utah Attorneys General, submits this Reply in Support of Defendants' Motion to Dismiss.

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

ARGUMENT ...............................................................................................................1

    1.    Qualified Immunity.................................................................................1

    2.    Deliberate Indifference ..........................................................................4

CONCLUSION............................................................................................................7

# TABLE OF AUTHORITES

*Ashcroft v. al-Kidd,*
   563 U.S. 731, (2011)..................................................................................................2

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)...................................................................................................2

*Cillo v. City of Greenwood Village,*
   739 F.3d 451 (10th Cir.2013) ....................................................................................2

*Fogarty v. Gallegos,*
   523 F.3d 1147 (10th Cir.2008) ..................................................................................3

*Harlow v. Fitzgerald,*
   457 U.S. 800 (1982)...................................................................................................2

*Jiron v. City of Lakewood,*
   392 F.3d 410 (10th Cir. 2004) ...................................................................................2

*Mitchell v. Forsyth,*
   472 U.S. 511 (1985)...................................................................................................1

*Pearson v. Callahan,*
   555 U.S. 223, (2009)..................................................................................................2

*Perry v. Durborow,*
   892 F.3d 1116 (10th Cir. 2018) .................................................................................4

INTRODUCTION

Defendant Detective Kayla Dallof has been named as a Defendant in this matter in her individual capacity as a former detective within the University of Utah Policy Department ("UUPD"). She files this reply to the Plaintiffs' opposition to the motion to dismiss and joins in the Reply to the opposition filed on behalf of the other Defendants to the extent that it applies to her.

ARGUMENT

Defendant Dallof was the detective to whom Lauren McCluskey's extortion matter was referred. Plaintiffs have brought a §1983 action accusing Defendant Dallof of responding to Ms. McCluskey's extortion claims with deliberate indifference, thus violating Ms. McCluskey's Fourteenth Amendment right to equal protection. As stated in the motion to dismiss and as outlined below, Defendant Dallof is entitled to qualified immunity on this matter and the claim against her must be dismissed with prejudice.

1. Qualified Immunity

Plaintiffs seek to push off the qualified immunity decision to later in the litigation, but qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Immunity provisions "are meant to free officials from the concerns of litigation, including

avoidance of disruptive discovery." See *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). The qualified immunity doctrine recognizes "the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Once a defendant pleads qualified immunity, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). Therefore, this Court may properly entertain, and grant, Defendant Dallof's motion pursuant to qualified immunity.

When a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct. *Cillo v. City of Greenwood Village,* 739 F.3d 451, 460 (10th Cir.2013); *see also Pearson v. Callahan,* 555 U.S. 223, 232, (2009).

To determine whether the right was clearly established, Courts ask whether "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd,* 563 U.S. 731, 741, (2011) (quotations omitted). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on

2

point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Fogarty v. Gallegos,* 523 F.3d 1147, 1161 (10th Cir.2008).

Plaintiffs have cited no case, and can cite no case, which would let a police officer know that taking scheduled time off violates the constitutional right of a member of the public, especially when the Plaintiffs allege in their Complaint that the officer advised that member of the public that she would be out of the office, that any concerns should be taken directly to the police department, and further allege that the officer advised the member of the public about what to do if she received dubious emails. It is simply not a well-established violation of the constitution for police officers to take scheduled time off.

Although Plaintiffs are correct that at the motion to dismiss stage, a qualified immunity motion is limited to the pleadings, that does not help Plaintiffs in this case. According to Plaintiffs' Complaint, they have pled that Defendant Dallof was away from work for scheduled time off, that she informed the victim that she was off work, that she informed the victim of when she would return, that she informed other officers of the victim's complaint, and that she advised the victim to contact the Police Department directly if she needed help. As discussed below, Plaintiffs' pleading does not offer any allegation supporting their claim of deliberate

3

indifference by Defendant Dallof. They therefore have not pled a well-established constitutional violation against Defendant Dallof.

2. Deliberate Indifference

Plaintiffs have failed to plead a constitutional violation of deliberate indifference against Defendant Dallof. The deliberate indifference test has three requirements. Plaintiffs have to allege (1) that the Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; (2) that the Defendant actually drew that inference; and (3) that the Defendant was "aware of and failed to take reasonable steps to alleviate that risk." *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018).

Plaintiffs alleged that Defendant Dallof was told about an extortion/blackmail scheme, and that she notified another detective sergeant of the investigation. *Complaint at ¶ 84*. Plaintiffs also alleged that Defendant Dallof told Lauren that she was out of the office, and that she should "contact UUPS if she received any communications that appeared to be an attempt to lure her somewhere." *Complaint at ¶ 93*.[1]

---

[1] Plaintiffs admit that Lauren did as Defendant Dallof had advised. When she received an email appearing to lure her out of her dorm by impersonating a police officer, Lauren contacted UUPS who identified the message as a fake. *See Complaint at ¶ 94*. According to Plaintiffs' Complaint, Defendant Dallof was on her scheduled time off when this happened.

4

These allegations do not support Plaintiffs' claim of deliberate indifference against Defendant Dallof. First, information about extortion/blackmail is not information from which an inference can be drawn of a substantial risk of serious physical harm. Second, even if it is, Plaintiffs have not brought any allegation that Defendant Dallof failed to take reasonable steps to alleviate the risk. To the contrary, Plaintiffs have alleged that Defendant Dallof notified other officers of the information she had received, that she told Lauren she was and would be out of the office, and gave Lauren advice on how to protect herself, advice that Lauren followed. None of these allegations even hint of a failure by Defendant Dallof to take reasonable steps to alleviate any risk. All of the allegations Plaintiffs made against Defendant Dallof were reasonable actions taken by Dallof to protect Lauren, and none support an allegation of deliberate indifference.

It is telling that, when arguing why their deliberate indifference claim against this Defendant should not be dismissed, Plaintiffs vaguely refer to actions by UUPS but not specifically to acts by Defendant Dallof. *See Plaintiff's Opposition Memo (DOC 35, page 42, citing to the Complaint).* In their conclusory argument that Defendant Dallof "did nothing to protect Lauren or prevent her from experiencing further violence, stalking, or extortion," Plaintiffs cite to paragraphs 85 and 90 of the Complaint. *Plaintiff's Opposition Memo (DOC 35, page 43)*. But paragraphs 85 and

90 of the Complaint do not raise specific allegations against Defendant Dallof. They speak only vaguely of UUPS in general.

Plaintiffs are left with only an allegation that Defendant Dallof did not check her work email during her scheduled time off. As argued in Section 1 above, it is not well established that taking time off and/or not checking work email during time off, violated Lauren's constitutional rights, especially when Plaintiffs admit that Defendant Dallof told Lauren that she would not be in the office, and told her how to protect herself. Moreover, Plaintiffs' allegations also do not support a claim of deliberate indifference. Plaintiffs' allegations are clear that

> Detective Dallof informed Lauren that she was out of the office on vacation, but would be back to follow-up on October 23, 2018. Detective Dallof also told Lauren to forward all communications from Melvin Rowland in the meantime and to contact UUPS if she received any communications that appeared to be an attempt to lure her somewhere.

*Complaint at ¶ 93*. Telling Lauren to forward all emails "in the meantime" shows that she would not be looking at the emails until she returned. Telling Lauren what to do if she received a questionable email, telling her to contact UUPS in her absence, and telling other officers about the information she had received, all support that Defendant Dallof was not deliberately indifferent.

CONCLUSION

Plaintiffs' Complaint against Defendant Dallof does not submit allegations sufficient to establish a constitutional violation of Lauren's rights through deliberate indifference. That in itself should be sufficient to dismiss the Complaint against Defendant Dallof. Moreover, the Plaintiffs' allegations fail to establish the first prong of the qualified immunity test, a constitutional violation caused by the Defendant. Finally, the Complaint does not allege behavior which is well established as violative of the constitution. For these reasons, Plaintiffs' Complaint against Defendant Dallof should be dismissed. Dismissal should be with prejudice because Plaintiffs have admitted that the allegations they have cannot support a claim of deliberate indifference against Defendant Dallof.

DATED: January 27, 2020.

SEAN D. REYES
Utah Attorney General

*/s/ Alain C. Balmanno*
ALAIN C. BALMANNO
CHRISTINE HASHIMOTO
Assistant Utah Attorneys General
*Attorneys for Defendant Dallof*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I electronically filed the foregoing, **REPLY IN SUPPORT OF MOTION TO DISMISS FOR DEFENDANT KAYLA DALLOF**, using the Court's CM/ECF system, which gave notice to the following:

| | |
|---|---|
| James W. McConkie, II<br>Bradley H. Parker<br>W. Alexander Evans<br>Parker & McConkie<br>5664 S. Green St.<br>Salt Lake City, UT 84123<br>jwmcconkie@utahlawhelp.com<br>bparker@sjatty.com<br>alex@sjatty.com<br>*Attorneys for Plaintiffs* | Christine M. Durham<br>Dick J. Baldwin<br>J. Frederic Voros, Jr.<br>Zimmerman Booher LLC<br>341 S Main Street, 4th Floor<br>Salt Lake City, UT 84111<br>cdurham@zbappeals.com<br>dbaldwin@zbappeals.com<br>fvoros@zbappeal.com<br>*Attorneys for Plaintiffs* |

Darin B. Goff
Kyle J. Kaiser
Rachel G. Terry
Utah Attorney General's Office,
Litigation Division
160 E. 300 S., 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
dgoff@agutah.gov
kkaiser@agutah.gov
rachelterry@agutah.gov
*Attorneys for Defendants*

                                               */s/ Lily Egginton*