ALAIN C. BALMANNO (3985)
CHRISTINE HASHIMOTO (15624)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: abalmanno@agutah.gov
       chashimoto@agutah.gov
*Attorneys for Defendant Dallof*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JILL McCLUSKEY and MATTHEW McCLUSKEY, individually and for and on behalf of LAUREN McCLUSKEY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, UNIVERSITY OF UTAH, et al.,<br><br>Defendants. | **OPPOSITION TO PLAINTIFFS' MOTION SEEKING LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00449-HCN-PMW<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Paul M. Warner |

      Defendant Kayla Dallof, by and through counsel, Alain C. Balmanno and Christine Hashimoto, Assistant Utah Attorneys General, submits this Opposition to Plaintiffs' Motion Seeking Leave to File an Amended Complaint.

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................1

CONCLUSION ....................................................................................................5

# TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ...................................2

*Barnes v. Harris*,
   783 F.3d 1185 (10th Cir. 2015) ..............................................................................2

*Fields v. City of Tulsa*,
   753 F.3d 1000 (10th Cir. 2014) ..............................................................................2

*Full Life Hospice, LLC v. Sebelius*,
   709 F.3d 1012 (10th Cir. 2013) ..............................................................................2

*Huddleston v. United States*,
   485 U.S. 681, (1988)................................................................................................4

*Perkins v. Kansas Dep't of Corr.*,
   165 F.3d 803 (10th Cir. 1999) ................................................................................1

*Tanberg v. Sholtis,*
   401 F.3d 1151 (10th Cir.2005) ...............................................................................4

*United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*,
   878 F.3d 1224 (10th Cir. 2017) ..............................................................................2

*United States v. Zamora*,
   222 F.3d 756 (10th Cir.2000) .................................................................................5

RULES

Federal Rule of Civil Procedure 12(b)(6) .....................................................................2
Fed. R. Civ. P. 12(f)........................................................................................................5
Fed. R. Civ. P. 15(a)(2)...................................................................................................1
Federal Rules of Evidence 105 ......................................................................................4
Fed.R.Evid. 404 ..........................................................................................................4, 5

# INTRODUCTION

Defendant Dallof was a detective with the University of Utah Police Department ("UUPD") at the time that Lauren McCluskey was tragically murdered. Plaintiffs filed a complaint alleging that Defendant Dallof's actions violated Ms. McCluskey's constitutional rights. The Complaint (doc. 2) failed to allege sufficient facts to state a claim upon which relief could be granted against Defendant Dallof and thus Defendant Dallof joined other defendants in a motion to dismiss.

In response, Plaintiffs have submitted a motion to amend their complaint and in conjunction have submitted the proposed First Amended Complaint (doc. 37-2). Defendant Dallof opposes Plaintiffs' motion for leave to amend insomuch as the proposed amendment would be futile as to Defendant Dallof.

# ARGUMENT

While Rule 15(a) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires" Fed. R. Civ. P. 15(a)(2), such leave should not be granted when the proposed amendment(s) would be futile. ("…it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

> " 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.' " *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)). "A complaint is subject to dismissal under [Federal Rule of Civil Procedure] 12(b)(6) if the plaintiff fails to allege facts that would 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Fields v. City of Tulsa*, 753 F.3d 1000, 1012–13 (10th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

*United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017). Such is the case with Plaintiffs' claim against Defendant Dallof.

As argued in the Motion to Dismiss (doc. 23), the Reply, and Defendant Dallof's Reply in support of the Motion to Dismiss (doc. 49), Defendant Dallof is entitled to qualified immunity, and the claim against her should be dismissed with prejudice.[1] Plaintiffs' allegations against Defendant Dallof fail to support a claim of deliberate indifference. Plaintiffs' allegations in the proposed First Amended Complaint likewise do not support Plaintiffs' §1983 claim against Defendant Dallof. None of the additional allegations in the proposed First Amended Complaint change

---

[1] Defendant Dallof inserts here by reference the arguments made in her Reply in Support of the Motion to Dismiss, as if fully set forth herein.

the reality that Plaintiffs cannot allege facts sufficient to overcome a motion to dismiss. Therefore, the proposed amendment is futile as to Defendant Dallof.

The additional allegations in the proposed First Amended Complaint concerning Defendant Dallof are that after receiving Ms. McCluskey's extortion case for investigation, Defendant Dallof was assigned to investigate a series of bicycle thefts (proposed First Amend. Compl. ¶ 93, doc. 37-2), and that subsequent to Ms. McCluskey's death, Defendant Dallof was terminated from UUPD for alleged poor performance in a separate, unrelated case.[2] (proposed First Amend. Compl. ¶ 128, doc. 37-2). Neither of these additional allegations change the analysis. The alleged actions of Defendant Dallof still do not amount to deliberate indifference towards Ms. McCluskey's equal protection rights under the Fourteenth Amendment.

The facts as alleged remain that Defendant Dallof was assigned to investigate Ms. McCluskey's report of extortion, that Defendant Dallof was going to be out of the office for a planned absence, that she informed Ms. McCluskey of the absence, that she gave Ms. McCluskey instructions on forwarding information while Defendant Dallof would be out of the office, and that she gave Ms. McCluskey instructions on what to do if she receives any suspect communications. Furthermore,

---

[2] Although not relevant to the McCluskey case, Defendant Dallof denies that her performance in the subsequent case fell below reasonable standards.

the facts as alleged indicate that Ms. McCluskey did indeed follow Defendant Dallof's instructions by contacting UUPD officers directly when she received a message which appeared to be an attempt to lure her out of her dorm room.

None of the allegations against Defendant Dallof support the claim that she acted with deliberate indifference. The fact that Defendant Dallof was also assigned to investigate a series of bike thefts or that she was subsequently terminated for alleged poor performance in another case does not alter this analysis.

Moreover, Plaintiffs' attempt to bring up Defendant Dallof's subsequent termination is irrelevant, impertinent, inflammatory, and scandalous. It is well established under the Federal Rules of Evidence that such evidence would not be admissible, and no exception applies. (*See* Federal Rules of Evidence 404). Because deliberate indifference requires analysis of the police officer's mental state, subsequent behavior is not admissible. *See e.g. Tanberg v. Sholtis,* 401 F.3d 1151, 1167–68 (10th Cir.2005).

The Supreme Court has enunciated a four-part process to determine whether evidence is admissible under Rule 404(b). See *Huddleston v. United States*, 485 U.S. 681, 691–92, (1988). The Tenth Circuit has consistently applied that test:

> To determine whether Rule 404(b) evidence was properly admitted we look to [a] four-part test ...: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination

4

> of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir.2000)

It is clear that the subsequent events do not support the claim against Defendant Dallof in this case, and are therefore not relevant. An attempt to bring up alleged subsequent poor performance, therefore, is nothing more than an improper attempt to find generalized fault against Defendant Dallof. Plaintiffs mention this subsequent event as an attempt to bolster their allegation in this case – exactly the purpose prohibited by Rule 404(b). Regardless of whether or not Plaintiffs' are permitted to amend their complaint, any mention of Defendant Dallof's subsequent termination should be removed pursuant to Fed. R. Civ. P. 12(f).

## CONCLUSION

It is clear from both the complaint and the amended complaint that Plaintiffs cannot allege sufficient facts to support a §1983 claim against Defendant Dallof for deliberate indifference. Therefore, Plaintiffs' Motion to Amend should be denied as to Defendant Dallof because it would be futile.

5

DATED: January 27, 2020.

                              SEAN D. REYES
                              Utah Attorney General

                              */s/ Christine Hashimoto*
                              ALAIN C. BALMANNO
                              CHRISTINE HASHIMOTO
                              Assistant Utah Attorney General
                              *Attorneys for Defendant Dallof*

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I electronically filed the foregoing, **OPPOSITION TO PLAINTIFFS' MOTION SEEKING LEAVE TO FILE AMENDED COMPLAINT**, using the Court's CM/ECF system, which gave notice to the following:

| | |
|---|---|
| James W. McConkie, II<br>Bradley H. Parker<br>W. Alexander Evans<br>Parker & McConkie<br>5664 S. Green St.<br>Salt Lake City, UT 84123<br>jwmcconkie@utahlawhelp.com<br>bparker@sjatty.com<br>alex@sjatty.com<br>*Attorneys for Plaintiffs* | Christine M. Durham<br>Dick J. Baldwin<br>J. Frederic Voros, Jr.<br>Zimmerman Booher LLC<br>341 S Main Street, 4th Floor<br>Salt Lake City, UT 84111<br>cdurham@zbappeals.com<br>dbaldwin@zbappeals.com<br>fvoros@zbappeal.com<br>*Attorneys for Plaintiffs* |

Darin B. Goff
Kyle J. Kaiser
Rachel G. Terry
Utah Attorney General's Office,
Litigation Division
160 E. 300 S., 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
dgoff@agutah.gov
kkaiser@agutah.gov
rachelterry@agutah.gov
*Attorneys for Defendants*

                                              */s/ Lily Egginton*